IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

McCOY FRANKLIN, Individually
and on Behalf of All Others Similarly Situated                                   PLAINTIFF

v.                              Case No. 1:17-cv-01073

MAGNOLIA FLOORING MILL, LLC                                                   DEFENDANT

## ORDER

Before the Court is the parties' Joint Motion for Stipulated Collective Action Settlement and Settlement Approval. ECF No. 43. Also before the Court is Plaintiff's Motion for Costs and Attorneys' Fees. ECF No. 48. Defendant Magnolia Flooring Mill, LLC ("Magnolia Flooring") has filed a response. ECF No. 52. Plaintiff has filed a reply. ECF No. 57. Defendant has filed a sur-reply. ECF No. 60. The Court finds these matters ripe for consideration.

## BACKGROUND

Plaintiff filed his Complaint on December 15, 2017. ECF No. 1. Plaintiff brings this action individually and on behalf of all others similarly situated pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. §§ 11-4-201, *et seq*. ECF No. 1, ¶ 1. Plaintiff states that he was employed by Defendant Magnolia Flooring as an hourly paid forklift driver.[1] ECF No. 1, ¶ 19. Plaintiff alleges that he and other similarly situated hourly paid employees were classified by Defendant as non-exempt from the overtime requirements of the FLSA. ECF No. 1, ¶¶ 22, 83. Plaintiff claims that Defendant paid him and other hourly paid employees "non-discretionary monetary bonuses" that "were fixed amounts" based on the employee's "performance and ability to meet certain criteria set by

---

[1] Plaintiff initially also named Watson Sawmill, Inc. as a defendant. However, Watson Sawmill, Inc. was subsequently dismissed from this action. *See* ECF No. 29.

Defendant[.]" ECF No. 1, ¶¶ 24, 25, 34. However, Plaintiff alleges that Defendant failed to include these bonuses when calculating employees' regular pay rate for overtime pay calculations. ECF No. 1, ¶¶ 26, 37. Plaintiff claims that he and other hourly paid employees worked more than forty hours in at least one week in which they earned a bonus and that the bonus was not included in the calculation of their overtime pay. ECF No. 1, ¶¶ 27, 28. Plaintiff asserts that the failure to include his and other hourly paid employees' bonuses in calculating overtime pay violated the FLSA and AMWA. ECF No. 1, ¶ 29.

On July 23, 2018, the Court conditionally certified a collective action with the following collective action class description:

> Each hourly-paid employee who worked for Magnolia Flooring Mill, LLC ("Magnolia Flooring"), since December 15, 2014, and to whom Magnolia Flooring paid a bonus pursuant to any bonus plan in at least one week in which the employee worked more than forty hours.

ECF No. 22, pp. 7-8. Nine individuals opted into the collective action.[2] The Court was subsequently informed that this matter had been settled except for the amount of attorneys' fees to be awarded to Plaintiff's counsel. The parties have now submitted their proposed terms of settlement to the Court for approval and have, further, submitted the issue of attorneys' fees and costs to the Court for decision.

## DISCUSSION

The Court will first address the parties' Joint Motion for Stipulated Collective Action Settlement and Settlement Approval and then turn to Plaintiff's Motion for Costs and Attorneys' Fees.

---

[2] McCoy Franklin, Rafael Gutierrez, Vincent Ross, Cesar Amezcua, Adam Kennedy, Samantha Langley, Myron Tucker, Devante Franklin, Ladarien Franklin, Cesar Mondragon, Dakota Savage, and Justin Jackson consented to opt-in to the collective action. ECF Nos. 5, 23, 24, 25, 26, 27, 30. However, Vincent Ross, Devante Franklin, and Justin Jackson subsequently withdrew their consents. ECF No. 35.

**I. Joint Motion for Stipulated Collective Action Settlement and Settlement Approval**

In the instant motion, the parties jointly move the Court to: (1) certify a FLSA settlement class; (2) appoint Josh Sanford and Josh West of Sanford Law Firm, PLLC, as group counsel; (3) approve the parties' Settlement Agreement and Settlement Notice; and (4) thereafter dismiss this matter with prejudice.

To begin, the Court may only approve the proffered settlement agreement if it arises from adversarial litigation that involves a bona fide dispute and the proposed settlement is fair and equitable to all parties. *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 n.8. (11th Cir. 1982). In determining whether a proposed settlement is fair, courts:

> may consider . . . the stage of the litigation and the amount of discovery exchanged, the experience of counsel, the probability of success on the merits, any 'overreaching' by the employer in the settlement negotiations, and whether the settlement was the product of arm's length negotiations between the parties based on the merits of the case.

*Martinez v. Bost, Inc.*, No. 2:14-CV-02090, 2017 WL 6008048, at *2 (W.D. Ark., March 7, 2017) (citing *Carrillo v. Dandan Inc.*, 51 F. Supp. 3d 124, 132-33 (D.D.C. 2014) (taking into account the "totality of the circumstances" to determine the fairness of an FLSA settlement)).

The parties assert that "[a] bona fide dispute exists between [the parties] as to the period in which the alleged nondiscretionary bonus program operated, whether the bonus program was nondiscretionary, and whether Defendant acted willfully." ECF No. 44, p. 3. The Court finds the parties' argument persuasive and agrees that a bona fide dispute exists.

The Court now turns to the question of whether the proposed settlement is fair. Upon consideration, the Court finds that the settlement is fair. In coming to this conclusion, the Court notes that this matter is well developed and that, at the time of settlement, the trial date was imminent. Moreover, there does not appear to be any overreaching by Defendant, as the terms of the settlement appear just and, further, Plaintiff is represented by counsel that is experienced in the

litigation of wage and hour matters. Likewise, the Court notes that the opt-in plaintiffs will each recover both unpaid overtime as well as liquidated damages. The parties contend that this amount will fully compensate the opt-in plaintiffs and is "at least what they would likely recover at trial in a best-case scenario." ECF No. 44, p. 4. Taking these facts and arguments together, it appears that the instant settlement is the "product of arm's length negotiations between the parties based on the merits of the case." Accordingly, under the totality of the circumstances, the Court finds that the present settlement is fair.

Therefore, after review and consideration, the Court finds that the parties' Joint Motion for Stipulated Collective Action Settlement and Settlement Approval (ECF No. 43) should be granted.

**II. Plaintiff's Motion for Costs and Attorneys' Fees**

As noted above, the parties have left the issue of attorneys' fees and costs for the Court to decide. In his Motion for Costs and Attorneys' Fees and supporting reply, Plaintiff seeks an award of $21,555.00[3] in attorneys' fees and $900.53 in costs for a total award of $22,455.53. ECF No. 48, ¶¶ 9, 10; ECF No. 57, p. 2. Defendant contends that the requested amount of attorneys' fees is unreasonable and should be reduced by the Court. Defendant further argues that the Court should not allow the additional fees requested in Plaintiff's reply because "(1) Plaintiff's request for these additional costs and fees is untimely and (2) these additional costs and fees are unreasonable." ECF No. 60, p. 1. Defendant does not oppose Plaintiff's request for costs in the amount of $900.53.

The FLSA mandates that a court award reasonable attorneys' fees and costs to a prevailing plaintiff. 29 U.S.C. § 216(b) ("The court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of

---

[3] Plaintiff states that, at the point the instant motion for fees and costs was filed, Plaintiff's counsel had actually incurred $24,921.50 in attorneys' fees, but discounted certain amounts to come to a final number of $18,415.00 in attorneys' fees. ECF No. 49, p. 12. Moreover, Plaintiff asserts in his reply brief that Plaintiff's counsel incurred an additional $3,140.00 after the initial motion was filed, bringing the total requested amount for attorneys' fees to $21,555.00. *See* ECF No. 57, p. 2.

4

the action."). The parties agree on this point and, further, agree that once the Court approves the parties' Settlement Agreement, Plaintiff will prevail in this matter and be entitled to reasonable attorneys' fees and costs. As stated above, the parties' settlement agreement should—and by this order will be—approved. Accordingly, Plaintiff is entitled to reasonable attorneys' fees and costs.

"An award of attorney fees to a prevailing plaintiff under § 216(b) of the FLSA is mandatory, but the amount of the award is within the discretion of the judge." *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). "To determine a reasonable attorney's fee, the [Court is] required to first calculate a lodestar, by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate, and to then consider whether the lodestar amount should be reduced, based on appropriate considerations."[4] *Jones v. RK Enterprises of Blythville, Inc.*, 632 Fed. App'x. 306, 307 (8th Cir. 2016) (citing *Hensley*, 461 U.S. at 433-34). The term "reasonable hourly rate" is usually defined as the ordinary rate for similar work in the community where the case is litigated. *See Miller v. Dugan*, 764 F.3d 826, 831 (8th Cir. 2014). The burden of proving attorneys' fees rests with the fee applicant. *See Hensley*, 461 U.S. at 437. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. *Id.* at 433. The fee applicant must also make a "good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates. *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). When calculating the lodestar, a district court need not accept counsel's submission of hours as conclusive but should exclude from that total those hours

---

[4] Courts making a lodestar determination are required to consider twelve factors: (1) time and labor required; (2) novelty and difficulty of the questions; (3) skill requisite to perform the legal service properly; (4) preclusion of other employment, due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983).

that were not reasonably expended on the litigation. *Hensley*, 461 U.S. at 433-34. In exercising this discretion, the Court "should weigh the hours claimed against [the Court's] own knowledge, experience, and expertise of the time required to complete similar activities." *Gilbert v. City of Little Rock, Ark.*, 867 F.2d 1063, 1066 (8th Cir. 1989) (quotation omitted). After determining the lodestar amount, the Court must then "consider whether other factors not considered in arriving at the lodestar amount suggest upward or downward adjustment to arrive at the appropriate fee award." *Reeder-Simco GMC, Inc. v. Volvo GM Heavy Truck Corp.*, No. 2:00-cv-2031-RTD, 2006 WL 1445719, at *1 (W.D. Ark. May 22, 2006) (citing *Hensley*, 461 U.S. at 434).

In the case at bar, Defendant contends that the requested attorneys' fees should be reduced because: (1) the hourly rates requested by Plaintiff's counsel exceeds "the prevailing rates in federal courts in Arkansas for FLSA cases;" (2) "the number of hours expended on this matter is excessive where the case was overstaffed, work product previously created for unrelated litigation is substantially recycled, and other hours expended are duplicative, unnecessary, or are for administrative or ministerial tasks that should be performed by non-attorneys and absorbed as overhead;" and (3) the amount of fees is unreasonable based on "Plaintiff's limited success." ECF No. 53, pp. 5, 17. The Court will first calculate the lodestar by determining a reasonable rate and reasonable number of hours worked and then address any remaining issues.

### A. Reasonable Hourly Rate

To begin, Plaintiff requests attorneys' fees for the work of four attorneys with the Sanford Law Firm: Josh Sanford, Josh West, Rebecca Matlock, and Vanessa Kinney. Plaintiff seeks rates of $325.00 per hour for Mr. Sanford, $200.00 per hour for Mr. West, $175.00 per hour for Ms. Matlock, and $250.00 per hour for Ms. Kinney. Mr. Sanford asserts that he has knowledge of hourly rates charged by other labor and employment law firms in the Little Rock, Arkansas, market and that the requested rates are "in line with those rates." ECF No. 48-2, ¶ 22.

6

Upon consideration, the Court finds that some of the claimed hourly rates are too high—namely the rates claimed for Mr. Sanford and Ms. Kinney. The Court notes that these rates may be typical for wage-and-hour cases litigated in Little Rock, Arkansas—as stated by Mr. Sanford—however, the present case is in the El Dorado Division of the Western District of Arkansas. Accordingly, the typical rates of Little Rock, Arkansas, are not applicable. *Miller*, 764 F.3d at 831. Nonetheless, the Court is familiar with the prevailing rates typically charged by attorneys litigating wage-and-hour claims in the El Dorado Division. Accordingly, reasonable hourly rates will be assessed as follows: $275.00 per hour for Mr. Sanford, $225.00 per hour for Ms. Kinney, $200.00 per hour for Mr. West, and $175.00 per hour for Ms. Matlock.

**B. Reasonable Number of Hours Worked**

Turning to the reasonable number of hours worked, Plaintiff's counsel seeks fees for 97.4[5] hours worked. Plaintiff initially claimed 10.5 hours for Josh Sanford, 56.4 hours for Josh West, 3.7 hours for Rebecca Matlock, and 12.3 hours for Vanessa Kinney. Plaintiff additionally claims .8 hours for Mr. Sanford, 10.9 hours for Mr. West, and 2.8 hours for Ms. Kinney in association with the reply filed in support of the instant fees and costs motion. Defendant makes various arguments in support of its contention that the claimed number of hours is unreasonable, namely that: (1) Plaintiff's counsel over-staffed the present case; (2) excessive time was spent in preparing the Motion for Conditional Certification; (3) the claimed hours reflect duplicative, inefficient, or unnecessary hours worked, administrative tasks billed at attorney rates, and impermissible block billing; and (4) Plaintiff's counsel should not recover attorneys' fees for work done on the reply in support of the fees and costs motion. The Court will address each issue in turn.

---

[5] The Court notes that the billing statements provided by Plaintiff reflect some 121 hours spent on this case by Plaintiff's counsel. However, Plaintiff's counsel has reviewed their billing statements and removed charges in a good-faith effort to ensure that the request excludes any hours worked that were excessive, redundant, or otherwise unnecessary. Through this effort, Plaintiff's counsel excluded charges for some 23.6 hours worked.

7

**1. Over-staffing**

Defendant asserts that Plaintiff's counsel over-staffed the present case. Defendant argues that this case was "straight-forward and uncomplicated" and that, accordingly, the number of attorneys with the Sanford Law Firm who worked on the case was unreasonable. Upon consideration, the Court finds that the fact that numerous attorneys work collectively on one case is not in-and-of-itself unreasonable and, in some cases, may indeed be more efficient and lead to a reduction in the total number of hours worked on a matter. Accordingly, the Court will not reduce the claimed hours for alleged "over-staffing."

**2. Time Spent Preparing Motion for Conditional Certification**

Defendant argues that Plaintiff's counsel spent unnecessary time preparing the Motion for Conditional Certification, arguing that the motion and accompanying filings contained "scant original drafting, relying predominantly on work previously performed" in another case. ECF No. 53, p. 12. The Court has reviewed the billing statement provided by Plaintiff and agrees that some of the billed hours are excessive. Specifically, the Court finds that the hours billed for work Mr. West did on the motion for conditional certification and supporting documents was excessive and should be reduced by six hours.

**3. Duplicative, Inefficient, and Unnecessary Work; Administrative Tasks Billed at Attorney Rates; and Block Billing**

Defendant further argues that the initial billing statement reflects numerous charges for duplicative, inefficient, and unnecessary work. Defendant also asserts that the billing statement reflects charges that concern administrative tasks that were improperly billed at attorney rates. Defendant, likewise, argues that some of the charges exhibit impermissible block billing.

The Court has conducted a review of the initial billing statement in light of the parties' briefing and the *Hensley* factors and agrees with Defendant that some reduction in the claimed hours worked is warranted. The Court recognizes that this case concerns a somewhat specialized

area of legal expertise, but notes that the case was relatively straightforward and that there was very little motion practice involved. Upon review of the billing statement, the Court also notes that certain charges reflect duplicative efforts, inefficiencies, and unnecessary work. Therefore, based on the Court's review, the Court finds that—for work that was either duplicative, inefficient, or unnecessary—(1) Mr. Sanford's claimed hours should be reduced by .3 hours, (2) Mr. West's claimed hours should be further[6] reduced by 10.4 hours, and (3) Ms. Kinney's claimed hours should be reduced by 1.6 hours. The Court has further reviewed the initial billing statement and it appears that all hours concerning administrative tasks that were billed at attorney rates have already been removed by Plaintiff's counsel. The Court has, likewise, reviewed the initial billing statement for any block billing and finds that Plaintiff's counsel has not impermissibly block billed.

### 4. Fees Associated with the Reply in Support of the Fees and Costs Motion

Defendant argues in its sur-reply that Plaintiff's counsel should not be awarded fees related to the reply filed in support of the present fees and costs motion. Upon consideration, the Court agrees. Plaintiff chose to seek leave to file a reply and the reply, in light of the detailed initial briefing, was simply unnecessary. Accordingly, Plaintiff's counsel shall not receive attorneys' fees for work done in connection to the reply in support of the fees and costs motion.

### C. Final Lodestar Amount

Based on the above findings and discussions, the Court must now determine the final lodestar amount. As noted above, the following hourly rates will be used in making a lodestar determination: $275.00 per hour for Mr. Sanford, $225.00 per hour for Ms. Kinney, $200.00 per hour for Mr. West, and $175.00 per hour for Ms. Matlock. The Court, likewise, finds that the following hours worked are reasonable: 10.2 hours for Josh Sanford, 40 hours for Mr. West, 3.7

---

[6] The Court has already found that Mr. West's hours should be decreased by six hours. The present reduction is independent of the previous reduction.

hours for Ms. Matlock, and 10.7 hours for Ms. Kinney. In coming to this conclusion, the Court has considered the *Hensley* factors and finds these hour amounts reasonable in light of the facts that although this case was relatively straightforward, it concerns a fairly specialized area of legal expertise and the case itself lasted over a year. Accordingly, the Court finds that the final lodestar amount comes to $13,860.00.

**D.  Whether any Other Factors Warrant Reduction of the Lodestar Amount**

Defendant further argues that "Plaintiff's lack of success warrants reduction of" the lodestar. Defendant states that the amount given to the collective action class in settlement "gives Plaintiff and the class the most it would have received at trial." ECF No. 53, p. 18. Defendant also notes that this matter potentially could have involved 113 plaintiffs representing a total potential award of $33,589.20. Ultimately, Defendant asserts, only some 7.9% of potential plaintiffs took part in the action, representing $1,598.78 in total damages, or 4.76% of the possible recovery. Accordingly, Defendant contends that the "limited" success warrants reduction of the lodestar.

Upon consideration, the Court finds Defendant's argument unpersuasive. Defendant plainly concedes that "the Eighth Circuit has rejected a rule of proportionality in FLSA cases[.]" ECF No. 53, p. 20; *see Simpson v. Merchants & Planters Bank*, 441 F.3d 572, 581 (8th Cir. 2006) ("We have, indeed, explicitly rejected a 'rule of proportionality' in civil rights cases because tying the attorney's fees to the amount awarded would discourage litigants with small amounts of damages from pursuing a civil rights claim in court."); *Fegley*, 19 F.3d 1126, 1134-35 ("Courts should not place an undue emphasis on the amount of the plaintiff's recovery [under the FLSA] because an award of attorney fees here encourages the vindication of congressionally identified policies and rights.") (cleaned up). Moreover, courts have allowed similar awards in the past. *See Kohli v. Mahesh Investments of Little Rock, LLC*, No. 4:14-cv-283-SWW (E.D. Ark. July 21, 2015) (awarding $19,130 in attorneys' fees after matter settled for $2,000); *Fields v. R.L. Hurst Inc.*,

4:14-cv-00137-JLH, 2015 WL 13331928, at *3 (E.D. Ark. Nov. 9, 2015) (awarding $16,644 in attorneys' fees where matter settled for $12,500); *see also Latcham v. U.S. Pizza Co., Inc.*, 4:16-cv-00582-BSM (E.D. Ark. Jan. 24, 2019) (awarding $39,593 in attorneys' fees in matter where a verdict was returned in favor of Plaintiff for $280.21 in damages). Accordingly, the Court finds that reduction of the lodestar on this basis is unwarranted. Furthermore, the Court finds that no other factors warrant reduction of the lodestar.

## CONCLUSION

For the reasons stated above, the Court finds that the parties' Joint Motion for Stipulated Collective Action Settlement and Settlement Approval (ECF No. 43) should be and hereby is **GRANTED**. Accordingly:

(1) A FLSA settlement class is hereby **CERTIFIED** consisting of all opt-in plaintiffs who joined and did not later withdraw their consents;

(2) Josh Sanford and Josh West of Sanford Law Firm, PLLC, are hereby **APPOINTED** as group counsel for settlement purposes only;

(3) The parties' Settlement Agreement and Settlement Notice are hereby **APPROVED**; and

(4) This matter is hereby **DISMISSED WITH PREJUDICE**.

Furthermore, the Court finds that Plaintiff's Motion for Costs and Attorneys' Fees (ECF No. 48) should be and hereby is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff is awarded $13,860 in attorneys' fees and $900.53 in costs.

**IT IS SO ORDERED**, this 10th day of June, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge